# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENTON WILLIAM GAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-1000-R |
| | ) | |
| OMAR RASHIDZADA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff filed this action seeking monetary damages and release from incarceration. Pursuant to 28 U.S.C. § 636(b)(1)(B) the matter was referred to United States Magistrate Judge Suzanne Mitchell for preliminary review. On October 23, 2018, Judge Mitchell recommended the matter be dismissed upon screening pursuant to 28 U.S.C. § 1915A. She further recommended that motions he filed with his Complaint be denied as moot. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation as well as upon motions Plaintiff filed after Judge Mitchell entered the Report and Recommendation. The timely objection gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

Plaintiff filed a Pro Se Civil Rights Complaint (Doc. No. 1) purporting to raise claims under 42 U.S.C. § 1983 against Omar Rashidzah, a Veterans Outreach Justice Specialist at the Oklahoma City Veterans Affairs Medical Center. (Doc. No. 1, p. 4). Rather

than listing a person in the spot designated for "Defendant No. 2," Plaintiff stated "et. all (see attached statement of facts)" and in the spot for the "Place of employment and/or residence" of Defendant No. 2, Plaintiff indicated "Oklahoma City Veterans Affairs Medical Center." *Id.* With regard to both Defendant Rashidzah and the "et all" Defendants, Plaintiff indicated he was suing the persons in their official capacity by checking that space on the form. *Id.* The Complaint asks a plaintiff to "List the right you believe was violated." *Id.* at p. 6. Plaintiff indicated violation of his "right to appeal, right to due process, access to veterans benefits, right to a fair trial." *Id.* He identified as Defendants to this claim James Walker, Sachidanandan Naidu, Sandeepkumar Singh, Abid Zahoor, Judy Forshee, Angela Houston, Scott Albright and Omar Rashidzada. In the Statement of Facts appended to the Complaint he also identifies Virginia Banks as a Defendant. (Doc.No. 1-1, p. 1).

With regard to Defendants Walker, Naidu, Singh, Zahoor, Forshee, Houston, Albright, and Rashidzada, the Court finds that dismissal is appropriate for the reasons stated in the Report and Recommendation. Plaintiff has sued federal officials in their official capacities and neither 42 U.S.C. § 1983 nor *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), provides a basis for seeking monetary relief against these persons in their official capacities. Furthermore, as concluded by Judge Mitchell, the Court cannot order Plaintiff's release from state confinement, he must seek relief via a petition for habeas corpus filed in the appropriate court.

Plaintiff does not directly address Judge Mitchell's conclusions, but argues that Defendants violated his medical rights under Okla. Stat. tit. 43A § 2-108(B), (C)(1)-2(g). This assertion implicates footnote 2 of the Report and Recommendation, wherein Judge

Mitchell noted that Plaintiff could potentially sue Defendants under the Federal Tort Claims Act. When an action is brought against a federal employee in his or her official capacity, "the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). The United States, and its employees sued in their official capacities, are immune from suit unless sovereign immunity is waived. *Id*. The United States waives sovereign immunity only when it consents to be sued. *United States v. Murdock Mach. & Engineering Co.*, 81 F.3d 922, 930 (10th Cir. 1996). The United States consents to be sued only when Congress "unequivocally expresses" its intention to waive sovereign immunity. *Id*. One such example is for claims that fall within the parameters of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. Furthermore, "the FTCA's exhaustion requirement is jurisdictional," and this Court must consider its own jurisdiction. *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir.2003) (quoted language treating exhaustion as jurisdictional); *Tafoya v. U.S. Dep't of Justice, Law Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir.1984) (sua sponte consideration of jurisdiction). Accordingly, as recommended by Judge Mitchell, the Court will not construe Plaintiff's Complaint as alleging a claim under the FTCA. If Plaintiff intended to file such a claim he is of course free to file a new lawsuit.

Although Plaintiff identified the Defendants as employees of the VA Medical Center, the documents appended to his Objection reveal that Virginia Banks was the attorney assigned to his criminal case in Payne County, Oklahoma. Although the Report and Recommendation could not anticipate this and therefore did not address Ms. Banks in the correct capacity, Plaintiff's claims against her are nevertheless subject to dismissal.

3

First, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action." *West v. Atkins*, 487 U.S. 42, 46 (1988). Therefore, the Court lacks jurisdiction under § 1983 for any claim against Ms. Banks. Furthermore, there would be no alternative basis for jurisdiction over any claim Plaintiff might seek to raise against Ms. Banks, as the parties are not diverse.

For the reasons set forth herein, the Report and Recommendation is hereby ADOPTED as supplemented herein. This matter is DISMISSED without PREJUDICE. Plaintiff's Motions (Doc. Nos. 2, 7, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20) are DENIED AS MOOT.

IT IS SO ORDERED this 6th day of November 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE